NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLAN H. F. PALMER, | No. 18-55470 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-05247-JLS-DFM |
| v. | |
| CHARLES H. PALMER, DPSS civil rights coordinator; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted July 10, 2018[**]

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Alan H. F. Palmer appeals pro se from the district court's judgment

dismissing his 42 U.S.C §§ 1983 and 1985 action alleging a conspiracy and due

process violations.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).  *Barren v. Harrington*, 152

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Palmer's action because Palmer failed to allege facts sufficient to state plausible claims for relief. *See Franceschi v. Yee*, 887 F.3d 927, 935 (9th Cir. 2018) (setting forth elements of procedural due process claim); *Portman v. County of Santa Clara*, 995 F.2d 898, 908-09 (9th Cir. 1993) (setting forth elements of claim under § 1985(2)); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion by denying Palmer further leave to amend because amendment would be futile. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (setting forth standard of review and explaining that district court may deny leave to amend where proposed amendments would be futile).

We reject as without merit Palmer's contention of judicial bias.

Palmer's request for an "Information Technology review," set forth in his opening brief, is denied.

**AFFIRMED.**